UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN DOSCHER,<br><br>    Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION CO., INC.,<br><br>    Defendant. | Case No. C09-5582-RJB<br><br>ORDER ON MOTION TO DISMISS |

This matter comes before the court on Defendant Swift Transportation's Rule 12(b)(5) & (6) Motion to Dismiss. Dkt. 4. The court has considered the relevant documents and the remainder of the file herein.

## PROCEDURAL HISTORY

The plaintiff initiated this case in Thurston County Superior Court on June 23, 2009. Dkt. 1 at 9. The plaintiff has at all times appeared *pro se*. The plaintiff's complaint alleges three causes of action: defamation of character; outrage, or intentional infliction of emotional distress; and negligence. Dkt. 1 at 20. The plaintiff filed an amended complaint that provided additional factual allegations, on August 25, 2009. Dkt. 1 at 18. On September 17, 2009, the defendant removed this action to federal court based upon diversity of citizenship in accordance with 28 U.S.C. § 1332(a). Dkt. 1.

On September 24, 2009, the defendant filed this motion to dismiss based on failure of service in

accordance with Fed. R. Civ. P. 12(b)(5) and failure to state a claim upon which relief may be granted in accordance with Fed. R. Civ. P. 12(b)(6). Dkt. 4. On October 19, 2009, the plaintiff filed a response to the motion to dismiss (Dkt. 10), and the defendant filed a reply on November 6, 2009 (Dkt. 12).

## RELEVANT FACTS

For the purpose of deciding this motion to dismiss, the allegations contained within the plaintiff's complaint and subsequent brief will be assumed to be true. Plaintiff Christian Doscher was employed by Defendant Swift Transportation in 2007 as a freight truck driver. Dkt. 1 at 19. While working for Swift Transportation, Mr. Doscher picked up a load from a contractor in Oregon for delivery in Washington. *Id*. The contractor did not have on-site truck scales to verify vehicle axle weight, meaning that Mr. Doscher was unaware of his truck's loaded weight until he reached a highway scale. *Id*. The load was apparently over the applicable weight limit, and Mr. Doscher received a citation in Clark County, Washington. *Id*. As required by the citation, Mr. Doscher appeared in Clark County District Court and was assessed a $229 fine; Swift Transportation refused to pay the citation. *Id*.

After the incident involving the citation, Mr. Doscher refused an assignment from Swift Transportation to pick up a load from a contractor that did not have on-site scales. Dkt. 10 at 3. This refusal caused Swift Transportation to issue a disciplinary report to Mr. Doscher, citing his actions as "insubordination." *Id*. at 6. As a result of Swift Transportation's refusal to pay the citation and the issuance of the disciplinary report, Mr. Doscher quit employment with Swift Transportation. Dkt. 1 at 20; Dkt. 10 at 3. Mr. Doscher now collects full disability benefits from the Social Security Administration for mental disabilities that he alleges were caused by this occurrence. Dkt 1 at 20.

## MOTION TO DISMISS

Swift Transportation filed this motion to dismiss based on Rules 12(b)(5) and 12(b)(6). Dkt. 4. According to Swift Transportation, service in this action was deficient because Mr. Doscher personally served a copy of the summons and amended complaint to the defendant, in violation of Fed. R. Civ. P. 4(c). Dkt. 4. Mr. Doscher responds to this argument by stating that he was merely present when a third party adult process server, Ms. Vicki Fisk, served the summons and amended complaint on the defendant. Dkt. 10. In its reply brief, Swift Transportation changes tack to argue that service was improper because it was not made upon an "agent, cashier or secretary" of the defendant, in violation of Wash. Rev. Code §

4.28.080(10). Dkt. 12. In addition, Swift Transportation argues that Mr. Doscher has failed to provide proof of service to the court as required by Rule 4(1). *Id*.

Swift Transportation further argues that Mr. Doscher's amended complaint fails to state a claim upon which relief may be granted. Specifically, Swift Transportation argues that Mr. Doscher failed to allege that any false statements were made about the plaintiff, least of all by Swift Transportation. *Id*. Second, Swift Transportation argues that Mr. Doscher has only alleged a failure by Swift Transportation to pay a $229 traffic citation, and that he has failed to allege any facts that would give rise to the claim of intentional infliction of emotional distress. *Id*. Third, Swift Transportation argues that Mr. Doscher has failed to allege any facts that support a claim of negligence, arguing that Swift Transportation had no duty of care to Mr. Doscher to pay his traffic citation. *Id*.

Mr. Doscher responds to each of Swift Transportation's arguments with particularity. Dkt. 10. For the purposes of this motion, Mr. Doscher's arguments and the additional factual allegations contained within his response will be considered by the court, even where they may not be properly supported by formal declaration or affidavit. Although the format of Mr. Doscher's brief is unconventional, his filing as a *pro se* litigant requires liberality from the court in construing his arguments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988) (the court must construe the pleadings liberally and must afford *pro se* plaintiff the benefit of any doubt).

Regarding his defamation claim, Mr. Doscher argues that the appearance of the overweight citation on his driving record gives the impression that he disregards state laws regarding weight limits to potential trucking employers. *Id*. at 5. Additionally, Mr. Doscher argues that the disciplinary report that he received from Swift Transportation contained a false statement about him because it described his refusal to pick up an unscaled load as "insubordination." *Id*.

Mr. Doscher further argues that Swift Transportation's conduct in assigning him to pick up loads that cannot be verified within weight limits prior to entering the public highways, and their subsequent refusal to pay his citation, are extreme and outrageous acts that satisfy the tort of intentional infliction of emotional distress. *Id.* at 9-10. According to Mr. Doscher, the emotional strain resulting from receiving the citation and the subsequent disciplinary report, coupled with quitting his job at Swift Transportation, caused Mr. Doscher to go homeless for a period and later be diagnosed by the Social Security Disability

Determination Services of two distinct mental disabilities. *Id*. To Mr. Doscher, this is evidence of the severe emotional harm that Swift Transportation's conduct caused him. *Id*.

Lastly, Mr. Doscher argues that his negligence claim should survive on two different grounds. On the first ground, Mr. Doscher argues that Swift Transportation breached its duty to pay his traffic citation in violation of Wash. Rev. Code § 46.44.120. *Id.* at 15. On the second ground, Mr. Doscher argues that Swift Transportation breached its duty to him, as his employer, to provide a safe work environment by knowingly assigning him to pick up a load that could not be verified within weight limits. *Id*.

In its reply, Swift Transportation argues that Mr. Doscher improperly alleges new facts in his response not contained in his amended complaint. Dkt. 12. Even considering the new allegations, Swift Transportation argues that Mr. Doscher has not alleged any publication on behalf of Swift Transportation to satisfy a defamation claim, that Mr. Doscher has failed to allege sufficient facts to support an intentional infliction of emotional distress claim, and that Mr. Doscher has failed to offer proof of Swift Transportation's duty to pay his citation or any harm from a breach of Swift Transportation's duty to provide a safe work environment. *Id*.

## LEGAL STANDARD

### *I. Sufficiency of Service of Process*

Under Fed. R. Civ. P. 12 (b)(5), a complaint may be dismissed for "insufficient service of process." Sufficiency of service is governed by Fed. R. Civ. P. 4. The plaintiff is responsible for ensuring that a summons be served with a copy of the complaint to each defendant; service must be accomplished by any person who is at least eighteen years old and who is not a party to the action. Fed. R. Civ. P. 4(c). In order to provide service to a corporation, the summons and complaint must be delivered to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h).

Unless service is waived by the defendant or service is accomplished by a United States marshal, a plaintiff must provide proof of service to the court by way of the server's affidavit. Fed. R. Civ. P. 4(l)(1). Failure to provide service does not affect the validity of service, and the court may permit proof of service to be amended. Fed. R. Civ. P. 4(l)(3). Additionally,

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant

> or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

## *II. Failure to State a Claim*

Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 570). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss*, 572 F.3d at 972. This is especially true when the plaintiff is

ORDER
Page - 5

a *pro se* litigant. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995) (unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action); *Karim-Panahi*, 839 F.2d at 623.

DISCUSSION

*I. Motion to Dismiss Under Rule 12(b)(5)*

Mr. Doscher attempted to accomplish service by accompanying Ms. Fisk to Swift Transportation's location when she delivered the summons and amended complaint to a Swift Transportation employee. Swift Transportation's contention that Mr. Doscher failed to serve process on "an officer, a managing or general agent, or any other agent authorized by appointment or by law" as required by Fed. R. Civ. P. 4(h) was first raised in its reply brief. Typically, new arguments should not be raised in reply briefs, where the opposing party has no opportunity to respond; this is particularly salient when the opposing party is appearing *pro se*. Nonetheless, Mr. Doscher has not shown that Swift Transportation was properly served in this action.

In accordance with Fed. R. Civ. P. 4(l), the plaintiff's lack of proof does not affect the validity of the service itself. Mr. Doscher should be allowed an appropriate period to provide proof of service to the court; proof should be provided in the form of an affidavit from the server stating that service was provided to an officer or authorized agent of the defendant.

*II. Motion to Dismiss Under Rule 12(b)(6)*

Mr. Doscher's claims, as currently stated, cannot survive this motion to dismiss. The amended complaint fails in that the factual content and reasonable inferences from that content are not plausibly suggestive of a claim entitling the pleader to relief. *Moss*, 572 F.3d at 969. The question remains as to whether Mr. Doscher may amend his claims in order to avoid dismissal. In accordance with Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires." In deciding whether to grant leave to amend, the court considers five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (*internal quotations and citations omitted*).

Mr. Doscher attempts to establish his defamation claim on two bases: first, that the traffic citation on his driving record gives the impression that he disregards state laws regarding weight limits to potential trucking employers; second, that the Swift Transportation disciplinary report contained a false statement about him by describing him as insubordinate. Both bases fail in that Mr. Doscher has not shown that Swift Transportation engaged in any activity that could be considered an unprivileged communication, as required by Washington state law. *Mohr v. Grant*, 153 Wash. 2d 812, 822 (2005) (listing the elements of defamation as falsity, an unprivileged communication, fault, and damages). Swift Transportation did not issue the citation or cause it to post to Mr. Doscher's record; similarly, Mr. Doscher has not alleged that the company's internal disciplinary report has been shared in any way that would suggest an unprivileged communication. Allowing Mr. Doscher to attempt to amend his defamation claim would be futile, and accordingly the claim should be dismissed.

Likewise, Mr. Doscher has not alleged sufficient facts to plausibly support a claim of intentional infliction of emotional distress. Mr. Doscher has failed to meet the high burden established under applicable Washington state law to plead this tort; Washington courts have required that plaintiffs show behavior "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Grimsby v. Samson*, 85 Wash. 2d 52, 59 (1975). Even assuming that all of the plaintiff's allegations are true, there is nothing in Swift Transportation's actions that could give rise to a claim of intentional infliction of emotional distress, even if its conduct is considered rude, potentially dangerous, or even negligent. Allowing Mr. Doscher to attempt to amend his intentional infliction of emotional distress claim would be futile, and accordingly the claim should be dismissed.

It is unclear from the pleadings exactly what Mr. Doscher bases his negligence claim on. In his amended complaint, Mr. Doscher argues that Swift Transportation breached its duty to pay his traffic citation in violation of the state code, and that Swift Transportation breached its duty to provide a safe work environment. The elements of negligence must be sufficiently established for either claim to advance. As stated, Mr. Doscher's claim is not supported on either theory.

Mr. Doscher has not alleged any actual harm as a result of Swift Transportation failing to provide a safe working environment. Assuming that he could establish that Swift Transportation had such a duty,

and that assigning him unverified loads violated that duty, Mr. Doscher still must have suffered some injury that was caused by Swift Transportation's actions. He has failed to allege such an injury, and allowing Mr. Doscher to attempt to amend his negligence claim on this basis would be futile.

To prove that Swift Transportation was negligent in failing to pay his citation, Mr. Doscher must allege some actual harm as a result of having to pay the citation. Even if Mr. Doscher could establish a duty for Swift Transportation to pay his citation, it seems unlikely that any resulting damages from the citation would meet the minimum statutory amount in controversy to support diversity jurisdiction. 28 U.S.C. § 1332 (requiring the matter in controversy to exceed the value of $75,000). It does not appear evident that the resulting harm from the citation itself, which was for $229, would meet this requirement. Nonetheless, it is plausible that Mr. Doscher could plead additional facts to support such a claim, depending on the effect the citation might have had on future employment opportunities. Therefore, he should be granted leave to file a second amended complaint to support a claim of negligence based on Swift Transportation's failure to pay the citation.

Therefore, it is hereby

**ORDERED** that Defendant Swift Transportation's Rule 12(b)(5) & (6) Motion to Dismiss (Dkt. 4) is GRANTED in part and DENIED in part as follows:

1. The defendant's motion to dismiss for failure to provide sufficient service is DENIED without prejudice;

2. The defendant's motion to dismiss the defamation claim for failure to state a claim upon which relief may be granted is GRANTED, and that claim is DISMISSED;

3. The defendant's motion to dismiss the intentional infliction of emotional distress claim for failure to state a claim upon which relief may be granted is GRANTED, and that claim is DISMISSED;

4. The defendant's motion to dismiss the negligence claim, limited to the basis of providing a safe work environment, for failure to state a claim upon which relief may be granted is GRANTED, and that claim is DISMISSED;

5. The defendant's motion to dismiss the negligence claim, limited to the basis of failure to pay the citation, for failure to state a claim upon which relief may be granted is DENIED without prejudice, and the plaintiff is granted leave to amend his complaint.

The plaintiff may file an amended complaint, alleging sufficient facts to support a claim of negligence, and resulting damages over the statutory limit, by December 2, 2009. Further, the plaintiff may file proof of adequate service by December 22, 2009. If the plaintiff fails to respond to this order, or fails to adequately set forth his claim for negligence, and proof of service, the court may dismiss this action.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of November, 2009.

Robert J. Bryan
United States District Judge