UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTIAN DOSCHER,

    Plaintiff,

v.

SWIFT TRANSPORTATION CO., INC.,

    Defendant.

Case No. C09-5582-RJB

ORDER ON PLAINTIFF'S MOTION TO RECONSIDER

This matter comes before the Court on the plaintiff's Motion to Reconsider (Dkt. 18). The court has considered the relevant documents and the remainder of the file herein. Oral argument would not be of assistance to the court, and that request is denied.

## I. PROCEDURAL BACKGROUND

The plaintiff initiated this case in Thurston County Superior Court on June 23, 2009. Dkt. 1 at 9. The plaintiff has at all times appeared *pro se*. The plaintiff's complaint alleges three causes of action: defamation of character; outrage; and negligence. Dkt. 1 at 20. The plaintiff filed an amended complaint that provided additional factual allegations. Dkt. 1 at 18. The defendant removed this action to federal court based upon diversity of citizenship in accordance with 28 U.S.C. § 1332(a). Dkt. 1.

The defendant (Swift Transportation) filed a motion to dismiss partially based on failure to state a claim upon which relief may be granted in accordance with Fed. R. Civ. P. 12(b)(6).

ORDER - 1

1  Dkt. 4. Of specific interest to this motion, Swift Transportation argued that Mr. Doscher had
2  only alleged a failure by Swift Transportation to pay a $229 traffic citation, and that he had
3  failed to allege any facts that would give rise to the claim of intentional infliction of emotional
4  distress. *Id*.

5  On November 13, 2009, the court issued an Order granting in part the defendant's motion
6  to dismiss. Dkt. 14. Specifically, the court's Order dismissed Mr. Doscher's claim under the
7  tort of intentional infliction of emotional distress, or "outrage." Dkt. 14. On December 1, 2009,
8  Mr. Doscher filed a Motion to Reconsider regarding the Order partly dismissing his claims. Dkt.
9  18.

## II. DISCUSSION

"On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for... any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Motions for reconsideration are disfavored. Local Rule CR 7(h)(1). "The court will ordinarily deny such motion in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Mr. Doscher requests that the court reconsider that portion of the Order that dismissed his claim under the tort of outrage. Dkt. 18. The relevant portion of the Court's order states as follows:

> Likewise, Mr. Doscher has not alleged sufficient facts to plausibly support a claim of intentional infliction of emotional distress. Mr. Doscher has failed to meet the high burden established under applicable Washington state law to plead this tort; Washington courts have required that plaintiffs show behavior "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Grimsby v. Samson*, 85 Wash. 2d 52, 59 (1975). Even assuming that all of the plaintiff's allegations are true, there is nothing in Swift Transportation's actions that could give rise to a claim of intentional infliction of emotional distress, even if its conduct is considered rude, potentially dangerous, or even negligent. Allowing Mr. Doscher to attempt to amend his intentional infliction of emotional distress claim would be futile, and accordingly the claim should be dismissed.

Dkt. 17. Mr. Doscher specifically argues seven points of error that he finds in the court's Order that would otherwise allow his claim to proceed. Dkt. 18.

ORDER - 2

1  None of Mr. Doscher's points of error present a "showing of new facts or legal authority

2  which could not have been brought to its attention earlier with reasonable diligence" as is

3  required by Local Rule CR 7(h)(1). Accordingly, Mr. Doscher must show some manifest error

4  in the court's Order to prevail on this motion.

5  The tort of intentional infliction of emotional distress is often referred to as the tort of

6  outrage. The terms mean the same thing in the law; but the legal definition of "outrage" is not

7  parallel to the lay definition. The dictionary meaning of the word outrage is "an injury or insult

8  to a person or thing – an act that violates accepted standards of behavior or taste; a feeling of

9  anger and resentment aroused by something regarded as an injustice or insult." WEBSTER'S 3D

10 NEW INT'L DICT. The distinctions between the dictionary definition and the legal meaning are

11 very important, but are often confused by lawyers, as well as by lay litigants.

12 Mr. Doscher is correct in noting that the common law tort of outrage may be supported if

13 the requisite emotional distress is caused either intentionally or recklessly. *Grimsby*, 85 Wash.

14 2d at 59. However, Mr. Doscher attempts to replace the recognized elements of the tort of

15 outrage– extreme and outrageous conduct, intentional or reckless infliction of emotional distress,

16 and resultant severe emotional distress– with the test of whether reasonable people would

17 exclaim "Outrageous!" when the defendant's action is explained to them. Those three

18 recognized elements are well settled by Washington case law. *See Kloepfel v. Bokor*, 149 Wash.

19 2d 192, 195-96 (2003) (stating that Washington adopted the elements for outrage from the

20 Restatement (Second) of Torts, § 46 (1965) in *Grimsby*, 85 Wash. 2d 52 (1975)). While the

21 colloquial test espoused by Mr. Doscher, one that was referred to in *Browning v. Slenderella Sys.*

22 *of Seattle*, 54 Wash. 2d 440, 448 (1959), may still have some arguability, its validity has been

23 clearly voided by *Kloepfel* and *Grimsby*.

24 Therefore, even though a defendant's actions may cause a reasonable person to think

25 them outrageous, or even to exclaim "Outrageous!", the plaintiff must support his claim for the

26 tort of outrage with sufficient factual material to meet the legal test. As stated in the court's

27 Order, Washington courts require that the facts establish that the defendant's conduct far exceed

28 any socially acceptable behavior; insults, indignities, threats, annoyances, and petty oppressions

will not suffice. *Grimsby*, 85 Wash. 2d at 59. The court cannot agree with Mr. Doscher's assertion that racial epithets in the workplace such as the ones used to support a claim of outrage in *Contreras v. Crown Zellerbach Corp.*, 88 Wash. 2d 735 (1977), are far less outrageous than the alleged actions of this defendant. The business decision to refuse to pay a traffic citation, while it possibly had disastrous effects on the plaintiff, does not rise to a level of unacceptable behavior equal to racial discrimination.

Additionally, Mr. Doscher argues that the court erred in dismissing the outrage claim because that is a determination to be made by a fact-finding jury. The question of whether a defendant's conduct is sufficiently outrageous is reserved for a jury only if the trial court initially determines that reasonable minds could differ regarding whether the nature of the conduct could amount to the tort of outrage. *Robel v. Roundup Corp.*, 148 Wash. 2d 35, 51 (2002). As stated above and in the court's Order, reasonable minds would not differ in finding that the nature of the defendant's conduct does not support a claim of legal outrage.

Lastly, Mr. Doscher argues that the court erroneously ruled on the merits of his case rather than the sufficiency of the pleadings. On the contrary, the court is sympathetic to Mr. Doscher's position, and the court's Order was not a rebuke against Mr. Doscher for bringing his claims. Mr. Doscher may be justified in feeling wronged, even outraged, at the defendant's actions, especially in light of the fact that this situation could likely have been avoided with Swift Transportation's payment of the $229 traffic citation. Nonetheless, it is this court's duty and authority to apply the law to the facts as presented, and the facts here do not support a claim of the tort of outrage.

### III. ORDER

For the foregoing reasons, it is hereby ORDERED that:

Plaintiff's Motion to Reconsider (Dkt. 18) is **DENIED**.

DATED this 3rd day of December, 2009.

Robert J. Bryan
United States District Judge

ORDER - 4